Pearson, J.
 

 The allegation of a bill of indictment, wherein the State was plaintiff, and Conrad Crayton and/bwr others, (naming them,) were charged with an assault and battery upon the body of Isaac Harvell* is not proved by the production of a record which sets out a bill of indictment, where
 
 *58
 
 in. tbe State is plaintiff, and Conrad Crayton and
 
 five
 
 others (naming them) are charged with an assault and battery upon the person of Isaac TIarvell. The variance in respect to the defendants is fatal. The indictment offered in evidence does not correspond with that which is described; and, in pleading, it is a familiar rule, that although a description is made with more particularity than need be, still all the particulars must be proven, and hence the rule applicable to pleadings differs from that applicable to deeds or wills; for, in the latter, if there be several particulars of description, one which does not correspond may be rejected, provided the identity of the thing can be sufficiently made out by the others; otherwise in pleading. The reason is, that pleadings may be instituted anew ; but in regard to deeds and wills, and the like, there is no chance for a second trial.
 
 Miller
 
 v.
 
 Cherry,
 
 in Equity at this term.
 

 It was insisted by
 
 Mr.
 
 Bailey, that as the issue upon the plea of
 
 nul Ucl record
 
 was tried, by the Judge in the Court below, his decision of the fact was not the subject of review in this Court. Mr. Bailey failed to take the distinction between matter of law, which is involved in an issue, and matter of fact. "What amounts to a variance is clearly a question of law, and is the subject of review in this Court, as well when it arises upon an issue on the plea of
 
 nul Uel record,
 
 when the Judge
 
 presents it to himself and decides it,
 
 as when it arises upon an issue on the plea of
 
 non estfactwn,
 
 when the Judge gives it in charge to the jury. Our books furnish abundant illustration, e. g., the proceedings to charge bail, ca. sa. bonds, and the like.
 

 Mr. Bailey also insisted that the fact that the bill of indictment offered in evidence was against Conrad Crayton and five others, did not appear, except by way of inference, from what the defendant’s counsel requested the Judge to decide, and his refusal.
 

 The record of that indictment ought to have been sent as a part of the case ; but it is obvious that the fact was conceded to be as stated by the defendant’s counsel. The State,
 
 *59
 
 however, is precluded from taking any objection on this account, for the case sets out that the State introduced the record of
 
 “
 
 an indictment against Conrad Crayton and others,” without naming them, or saying how many. This certainly does not prove the allegation of the indictment against Conrad Crayton and four others, (naming them,) and makes a wider variance than that which the defendant’s counsel insisted upon. There is error.
 
 Venire de novo.
 

 Pee Cueiam. ' Judgment reversed.